## WILLIAMS ET AL. v. FANNING, POSTMASTER OF LOS ANGELES.

No. 47.  Argued October 22, 1947.—Decided December 8, 1947.

---

[9] See 60 Stat. 50, adding § 32 (a) (2) (E) to the Act.

*Richard L. North* argued the cause for petitioners. With him on the brief was *Irving M. Walker.*

*Frederick Bernays Wiener* argued the cause for respondent. With him on the brief were *Solicitor General Perlman, Herbert A. Bergson, Paul A. Sweeney* and *Melvin Richter.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case, here on certiorari to resolve a conflict between the circuits,[1] presents the question whether those against whom the Postmaster General has issued a postal fraud order may sue the local postmaster to enjoin him from carrying out the order or whether the Postmaster General is an indispensable party.

The Postmaster General, after a hearing in Washington, D. C., found that petitioners' weight-reducing enterprise was fraudulent. He accordingly issued a fraud order (R. S. §§ 3929, 4041, 39 U. S. C. §§ 259, 732) directing respondent, postmaster at Los Angeles, California (where petitioners do business) to refuse payment of any money order drawn to the order of petitioners, to

---

[1] The Circuit Court of Appeals in the instant case followed its earlier decisions holding that the Postmaster General was an indispensable party. *Neher* v. *Harwood,* 128 F. 2d 846; *Dolphin* v. *Starr,* 130 F. 2d 868. Accord: *National Conference* v. *Goldman,* 85 F. 2d 66 (Second Circuit). Contra: *Jarvis* v. *Shackelton Inhaler Co.,* 136 F. 2d 116 (Sixth Circuit). For collection and review of the cases see 158 A. L. R. 1126.

advise the remitter of such money order that payment had been forbidden, and to stamp "fraudulent" on all mail matter directed to petitioners and to return it to the senders.

Petitioners thereupon brought this suit in the District Court for the Southern District of California to enjoin respondent from carrying out the order,[2] claiming that they had been deprived of the hearing to which they were entitled and that the fraud order was without the support of substantial evidence. On motion of respondent the District Court dismissed the complaint, holding in accord with the view of the Ninth Circuit Court of Appeals[3] that the Postmaster General was an indispensable party. The Circuit Court of Appeals affirmed. 158 F. 2d 95.

It was long assumed that the Postmaster General was not an indispensable party in these fraud order cases. Beginning at least with *American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94, decided in 1902, the maintenance of the suit against the local postmaster alone was not challenged.[4]

Meanwhile, another line of cases was emerging. *Warner Valley Stock Co.* v. *Smith,* 165 U. S. 28, held that a suit against the Secretary of the Interior to compel him to issue patents to public lands abated on his resignation. As the purpose of the bill was "to control the action of the Secretary of the Interior" (165 U. S. p. 34), he was held to be an indispensable party. Next came *Gnerich* v. *Rutter,* 265 U. S. 388, which was a suit to enjoin a representative of the Commissioner of Internal Revenue from

---

[2] Jurisdiction was invoked under § 24 (6) of the Judicial Code, 28 U. S. C. § 41 (6).

[3] See note 1, *supra.*

[4] And see *Public Clearing House* v. *Coyne,* 194 U. S. 497; *Leach* v. *Carlile,* 258 U. S. 138.

enforcing a restriction embodied in a permit issued under the National Prohibition Act. The subordinate official, acting for the Commissioner, had refused to give plaintiffs the more liberal permit which they desired; and he had no power to grant the desired permit without revision of his delegated authority. The Commissioner was held to be an indispensable party. *Webster* v. *Fall,* 266 U. S. 507, followed. That was a suit brought by an Osage Indian to require payment to him of funds under an act of Congress. The power and responsibility of making the payments being in the Secretary of the Interior, he was held to be an indispensable party.

These cases evolved the principle that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him.

That principle was brought into clearer relief by *Colorado* v. *Toll,* 268 U. S. 228. There the director of national parks had issued regulations forbidding operation in the Rocky Mountain National Park of automobiles for hire. Toll was the superintendent of the park who was enforcing the regulation. A suit to enjoin him was allowed to be maintained without joining his superior, the director, who had promulgated the regulation. That result followed, 268 U. S. p. 230, by analogy to those cases which permit suit against a public official who invades a private right either by exceeding his authority or by carrying out a mandate of his superior. *United States* v. *Lee,* 106 U. S. 196; *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, 619, 620. In those situations relief against the offending officer could be granted without risk that the judgment awarded would "expend itself on the public treasury or domain, or interfere with the public administration." *Land* v. *Dollar,* 330 U. S. 731, 738.

But the distinction we have noted between these two lines of cases apparently was not as clear to others as it seems to us. For a conflict among the circuits developed in these postal fraud cases.[5] *National Conference* v. *Goldman,* 85 F. 2d 66, which held that the Postmaster General must be made a party, suggested that if he were not, the local postmaster would be left under a command of his superior to do what the court has forbidden. But that seems to us immaterial if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court. It seems plain in the present case that that will be the result even though the local postmaster alone is sued. It is he who refuses to pay money orders, who places the stamp "fraudulent" on the mail, who returns the mail to the senders. If he desists in those acts, the matter is at an end. That is all the relief which petitioners seek. The decree in order to be effective need not require the Postmaster General to do a single thing—he need not be required to take new action either directly as in the *Smith* and *Fall* cases or indirectly through his subordinate as in the *Rutter* case. No concurrence on his part is necessary to make lawful the payment of the money orders and the release of the mail unstamped. Yet that is all the court is asked to command.

*Reversed.*

THE CHIEF JUSTICE and MR. JUSTICE BURTON dissent.

---

[5] See note 1, *supra.*