### AMERICAN COMMUNICATIONS ASS'N C. I. O. et al. v. SCHAUFFLER (TRIANGLE PUBLICATIONS, Inc., Intervener).

Civil Action No. 8583.

United States District Court
E. D. Pennsylvania.

June 21, 1948.

Saul C. Waldbaum, of Philadelphia, Pa., and Leonard B. Boudin, of Neuberger, Shapiro, Rabinowitz & Boudin, all of New York City, for plaintiff.

Robert N. Denham, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Mozart G. Ratner and Norton J. Come, Attys., National Labor Relations Board, all of Washington, D. C., for defendant Bennett F. Schauffler.

Harry A. Kalish, of Paxson, Kalish, Dilworth & Green, all of Philadelphia, Pa., for Triangle Publications, Inc., applicant for intervention.

Before GANEY and BARD, District Judges, and KALODNER, Circuit Judge.

KALODNER, Circuit Judge and GANEY, District Judge.

In the instant case plaintiffs seek an injunction restraining the defendant, individually and as Regional Director (Fourth) of the National Labor Relations Board, from conducting a scheduled election under Section 101 of the Labor Management Relations Act of 1947, Public Law 101, 80th

Congress, amending Section 9(c) of the National Labor Relations Act 1935, 29 U.S. C.A. § 159(c) (hereinafter referred to as the Act), in which the plaintiff union will not appear on the ballot. The plaintiff union was denied a place on the ballot in the scheduled election because of the admitted failure to file the data and affidavits required by Section 9(f), (g) and (h) of the Act as a condition precedent to participation in elections conducted by the National Labor Relations Board or its agents pursuant to Section 9(c) (1) (A) (i).

The plaintiffs premise their complaint on the alleged unconstitutionality of subsection 9(f), (g) and (h) of Section 9 of the Act and seek to enjoin their enforcement. Section 9(f) of the Act provides that the National Labor Relations Board (hereinafter referred to as the Board) shall make no investigation of questions concerning representation raised by a labor organization unless that organization has filed with the Secretary of Labor and distributed to its members copies of its constitution and by-laws, a report containing specified structural information, and certain financial statements. Section 9(g) provides that in order to be eligible for certification a labor organization must file such reports annually with the Secretary of Labor. Section 9(h) provides that the Board shall not make any investigation of any question concerning the representation of employees raised by a labor organization unless the officers thereof shall have filed affidavits that they are not members of the Communist Party or affiliated with it, and that they do not believe in, are not members of, and do not support any organization that believes in, or teaches the overthrow of the United States Government by force or by any illegal or unconstitutional methods.

Defendant has moved to dismiss the complaint. Among the reasons assigned is the plaintiffs' failure to make the members of the National Labor Relations Board parties to this action. The defendant asserts that the board members are indispensable to this litigation.

We are of the opinion that the members of the Board are indispensable parties and that the plaintiff's failure to join them as parties defendant is fatal to the instant action. Accordingly the motion to dismiss must be granted on this score.

The decree sought by plaintiffs will, if issued, require the Board, the defendant's superior, to take action. This is evidenced if only by section 9(c) (1). Accordingly the Board is an indispensable party and the rule as clarified in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, becomes applicable.

Apart from this jurisdictional question we are of the opinion that the complaint cannot stand. The plaintiffs admit that there was a failure to comply with Section 9(f) and (g) of the Act. The contention that these subsections are unconstitutional was disposed of by the decision of the Supreme Court today in National Maritime Union of America v. Herzog, 334 U.S. 854, 68 S.Ct. 1529, holding these provisions constitutional. Thus, in view of plaintiff's failure to comply with paragraphs (f) and (g) it is inappropriate to decide the constitutionality of paragraph (h).

For the reasons stated the complaint is dismissed.

BARD, District Judge (dissenting).

I dissent from the view of the majority that the members of the Board are indispensable parties, warranting dismissal of the complaint.

I would, however, deny the prayer for injunctive relief for, as explained by the majority, plaintiffs have failed to comply with subsections (f) and (g).