**LUNDE ARMS CORP. et al. v. STANFORD.**

**Civ. No. 14038.**

United States District Court
S. D. California, Central Division

June 11, 1952.

Dunlap, Holmes, Ross & Woodson, Pasadena, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Chief of Civil Division, Asst. U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Plaintiff manufactures a target pistol which combines the features of a "cap pistol" and a "BB gun". The defendant is the Postmaster of Alhambra, California, who has refused to accept the plaintiff's product for delivery through the United States mail. The reason for defendant's refusal is predicated on his conclusion that the target pistols are "firearms" within the meaning of 18 U.S.C.A. § 1715, which provides:

"Pistols, revolvers, and other fire-arms capable of being concealed on the person are nonmailable and shall not be deposited in or carried by the mails or delivered by any postmaster, letter carrier, or other person in the Postal Service."

Plaintiff seeks a declaratory judgment determining its product not to be non-mailable matter within the meaning of the aforementioned provision of law, and has moved for pendente lite relief in the form of a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendant filed a motion to dismiss the complaint on the ground that the Post-master General, whose official residence is in the District of Columbia, is an indis-pensable party to the action.

The test of whether an action may be brought in a local forum against a subor-dinate governmental official, or must be brought in the District of Columbia against his superior, was formulated by the United States Supreme Court in Williams v. Fan-ning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. The Court of Appeals for the Ninth Circuit, in Daggs v. Klein, 169 F.2d 174, 176, had this to say of the rule in Williams v. Fanning:

"There existed prior to December 8, 1947, considerable diversity of opinion and uncertainty in the cir-cuits as to the circumstances which rendered a superior officer an indis-pensable party in a suit against an administrative official. This conflict and uncertainty was composed by the Supreme Court of the United States in the case of Williams v. Fanning, Postmaster of Los Angeles, 332 U.S. 490, 68 S.Ct. 188 [92 L.Ed. 95]. The Supreme Court in that case chartered the way in which a solution to the question should be approached and announced a formula to be applied, namely, 'the superior officer is an in-dispensable party if the decree grant-ing the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him.'"

■ Applying this test to the instant litigation, we find that the relief sought by this plaintiff will require no action to be taken by the Postmaster General. The relief sought by plaintiff can be granted him by this court through a decree that will expend itself on this defendant; that is, this defendant can be compelled to ac-cept plaintiff's merchandise for delivery through the United States mails. Plain-tiff seeks no further relief. He is the judge of what relief he should seek at this time.

The motion to dismiss is accordingly denied.

With respect to the motion for prelimi-nary injunction, a stipulation of facts was entered into between the parties and filed on May 28, 1952, which discloses that sometime prior to March 28, 1952, a Post Office Inspector at Alhambra, California, extracted one of the so-called target pis-tols from the mails and forwarded the same to the Solicitor of the Post Office Department for an opinion as to the mail-ability thereof. On March 28, 1952, the Post Office Department advised defendant, who, in turn, advised plaintiff, that "this weapon is regarded as a firearm within the meaning of Section 36.12 P. L. & R. (1948). It would accordingly be nonmail-able * * *". On April 5, 1952, plain-tiff's counsel visited the Post Office De-partment at Washington, D. C., and ar-ranged to have the mailability of the target pistols discussed with the appropriate offi-cers of the Post Office Department. What the plaintiff alleges to be a conference, and what defendant alleges to be an in-formal hearing, was held in the office of the Associate Solicitor of the Post Office Department on April 8, 1952, and was at-tended by the plaintiff's counsel and by representatives of the Post Office Depart-ment. On April 14, 1952, counsel for the plaintiff was advised by mail of the de-cision of the Solicitor for the Post Office Department. Plaintiff filed this complaint on April 23, 1952.

The affidavit of Richard P. Knerr, president of the plaintiff, filed in support of this motion, discloses that plaintiff entered into numerous advertising contracts, the purpose of which was to exploit this item on a nationwide scale, during the months of April, May and June of 1952. By the time plaintiff was first apprised of defendant's refusal to accept his pistols for mailing, which was March 28, 1952, the time had passed for plaintiff to rescind these agreements.

Plaintiff entered into these contracts on the assumption that, inasmuch as cap pistols are mailable and BB guns are mailable, a combination of the two would likewise be mailable. Had the Post Office Department given plaintiff notice of its contemplated inquiry and investigation, which was commenced "sometime prior to March 28, 1952", the situation plaintiff now faces might have been averted. It appears to this court that if plaintiff is denied pendente lite relief it will suffer irreparable injury. It is apparently a small company with limited assets producing an article with particular sales attractiveness around the Fourth of July, and its loss of good will and profits following an advertising campaign may well mean financial ruination.

The granting of a temporary injunction does not, of course, involve an adjudication on the mailability of the plaintiff's target pistol under 18 U.S.C.A. § 1715; this must await a final hearing on the merits. As stated in Missouri-Kansas R. Co. v. Randolph, 8 Cir., 182 F.2d 996, 999,

> "A temporary injunction is usually issued to preserve the status quo until a hearing on the merits may be had. It does not involve the merits of the action and an application for a temporary injunction is addressed to the discretion of the trial court".

The motion for a preliminary injunction is granted. Counsel for plaintiff is requested to prepare and submit appropriate orders in accordance with Local Rule 7.