**TORRES v. McGRANERY, Atty. Gen., et al.**

No. 14537.

United States District Court
S. D. California, Central Division.

March 11, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., and Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for the respondents.

BYRNE, District Judge.

Torres' petition has a two-fold purpose. He seeks a review under the Administrative Procedure Act, 5 U.S.C.A. § 1009 of the determination of the Commissioner of Immigration that he is a deportable alien illegally present in this country. He also seeks a decree requiring the Attorney General to act on his application for suspension of deportation pursuant to 8 U.S.C.A. § 155(c).

Attorney General McGranery and H. R. Landon, District Director of Immigration at Los Angeles, have been named as respondents, but the Attorney General has not been served with process nor may he be served in this district, since his residence is in the District of Columbia.

Connor v. Miller, 2 Cir., 1949, 178 F.2d 755. The Attorney General has not filed an answer nor waived the jurisdictional requirements. Landon filed an answer denying that Torres is a legal resident of this country and asserting the defense that the Attorney General is an indispensable party.

## Is Petitioner a Deportable Alien?

■ The Attorney General is not an indispensable party to a review of the agency action in which the petitioner was declared to be a deportable alien. If the court decides that question in favor of the petitioner, the respondent Landon will be ordered to desist in his efforts to deport the petitioner and no affirmative action will be required of his superior. This court's decree will effectively grant the relief desired by expending itself on the subordinate official who is before the court. Williams v. Fanning, 1947, 332 U.S. 490, 68 S. Ct. 188, 92 L.Ed. 95.

For the purpose of the review the court has examined the records and files of the Administrative body, which are in evidence.

Torres is a citizen of Mexico, who first entered the United States in 1916 and resided with his parents in Pomona, California, until 1942. He registered for military service as required by the Selective Training and Service Act, now 50 U.S.C.A.Appendix, § 451 et seq. In 1942 he was ordered to report for induction but did not do so. He disappeared for four years, and neither his family nor the authorities heard from him until he was arrested in 1946 for illegally entering this country through a break in the border fence near Calexico. Following his apprehension, he was convicted of violation of the Selective Training and Service Act and, upon his release from custody, these proceedings seeking his deportation were initiated.

The hearing officer found that Torres is an alien, native and citizen of Mexico; that he last entered the United States at Calexico, California, on April 7, 1946, by avoiding inspection and was not at the time in possession of a valid visa, permit to re-enter, or a border crossing card. The hearing officer recommended deportation. The Commissioner of Immigration ordered the deportation of Torres, and the Board of Immigration Appeals dismissed an appeal from the order of the Commissioner. Subsequently, the Attorney General, acting through his subordinates on the Board of Immigration Appeals, granted the discretionary relief of voluntary departure in lieu of deportation.

■ The agency action, findings and conclusions are supported by substantial evidence, are in accord with the law and must be affirmed.

## Petitioner's Application
## For Suspension of Deportation

The petitioner asserts that the Attorney General's refusal to grant suspension of deportation was arbitrary, capricious and in violation of petitioner's constitutional rights and, in effect, deprived him of the exercise of the discretion lodged in the Attorney General under the provisions of 8 U.S.C.A. § 155(c). He seeks a decree requiring the exercise of the discretion.

■ The Attorney General is an indispensable party "if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." Williams v. Fanning, supra [332 U.S. 490, 68 S.Ct. 189]; Daggs v. Klein, 9 Cir., 169 F.2d 174; Chavez v. McGranery, D.C., 108 F.Supp. 255.

■ Since the petitioner is a deportable alien and this court does not have jurisdiction over the person of the Attorney General who alone has the power to suspend deportation, the petition must be dismissed.

Respondent is requested to prepare and submit findings in accordance with local Rule 7.