### RAGNI v. BUTTERFIELD.
### Civ. A. No. 12085.

United States District Court
E. D. Michigan, S. D.

Oct. 28, 1953.

Goodman, Crockett, Eden & Robb, Detroit, Mich., for plaintiff.

Fred W. Kaess, U. S. Dist. Atty., Detroit, Mich., for defendant.

PICARD, District Judge.

By this action against the District Director of Immigration and Naturalization, plaintiff seeks judicial review under Section 10 of the Administrative Procedures Act, 60 Stat. 243, 5 U.S.C.A. § 1009, of an order of deportation affirmed July 18, 1952, by the Board of Immigration Appeals. Defendant has moved to dismiss on the grounds that (1) this court has no jurisdiction under Section 10 of the Administrative Procedures Act, and (2) the Commissioner of Immigration and Naturalization and/or the Attorney General of the United States are indispensable parties and cannot be made a party without depriving the court of jurisdiction inasmuch as their actual and official residences are in the District of Columbia.

The deportation proceedings against plaintiff, the order of deportation, and the original complaint in this matter were conducted, issued, and filed under and pursuant to the Immigration Act of 1917, 8 U.S.C. § 155, prior to December 24, 1952, the effective date of the Immigration and Nationality Act of 1952, 66 Stat. 166, 8 U.S.C.A. § 1101 et seq.

On the first ground for dismissal advanced by defendant the Supreme Court of the United States held, on March 16, 1953, in Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, that writ of habeas corpus is the only procedure available to an alien whose deportation has been ordered by the Attorney General under Section 19 (a) of the Immigration Act of 1917.

Ordinarily, therefore, plaintiff's suit under his original complaint would be barred by this decision. But on June 25, 1953, plaintiff, evidently realizing this, filed an amended complaint alleging that jurisdiction of this court arises under the Immigration and Nationality Act of 1952. Plaintiff contends that the Supreme Court specifically left this question open by footnote 4 to its decision, at page 232 of 345 U.S. at page 604 of 73 S.Ct., Heikkila v. Barber, supra, which reads in part,

"We do not consider the 1952 Act, 66 Stat. 163, * * * which took effect after Heikkila's complaint was filed." However, plaintiff's complaint must fail in keeping with Heikkila v. Barber, supra, since the savings clause of that 1952 Act, Section 405(a), 8 U.S.C.A. § 1101 note, provides:

"Nothing contained in this Act, * * * shall be construed to affect the validity of any * * * order or warrant of deportation * * * which shall be valid at the time this Act shall take effect; or to affect any

prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are * * * hereby continued in force and effect."

In view of our decision on the first contention set forth in the motion to dismiss, it is not necessary for us to consider the second ground advanced by defendant, to-wit, whether the Commissioner of Immigration and/or the Attorney General are indispensable parties to an action of this type. Still were we called upon to make such a decision we would be inclined to hold they are not indispensable.

■ Primarily, we hold, that to require a litigant to travel thousands of miles to prosecute a legal claim is not only unjust and highly inequitable but virtually a denial of the right to bring suit. We are not unmindful of the fact that other courts have held to the contrary. See Corona v. Landon, D.C.1953, 111 F.Supp. 191; De Pinko Vaz v. Shaughnessy, D.C.1953, 112 F.Supp. 778; Paolo v. Garfinkel, 3 Cir., 1952, 200 F.2d 280, the first two of which differentiate between the facts as in the case at bar and Williams v. Fanning, 332 U.S. 490, 494, 68 S.Ct. 188, 189, 92 L.Ed. 95, wherein the court held that the Postmaster General was not a necessary party to an action brought against the resident postmaster to enforce a fraud order made by his superior. the Postmaster General.

In practically all the cases decided on the basis of Williams v. Fanning, supra, in which the immigration officer or the Attorney General were held to be indispensable parties, the rationale seems to center on the theory that if one district court should cancel the order of deportation where the superior officer has not been made a party, and the plaintiff should move to another district and be taken into custody by the District Director there, the first court's order would not bar the latter from deporting plaintiff as the second District Director was not a party before the first district court. But the supreme court in Williams v. Fanning, supra, very pointedly said,

"* * * if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate officer who is before the court"

the superior is not indispensable.

With that in mind, we are moved to inquire who is the best judge of what remedy the plaintiff desires, the plaintiff himself or the government? It appears to this court that such authorities holding that the Attorney General or the Director of Immigration are necessary parties are in the position of telling the plaintiff what he ought to have if he is going to protect himself, rather than what his rights may be. We find ourselves faced, therefore, with the unusual situation that defendant government is concerned about the efficacy of plaintiff's remedy.

■ If the petitioner, rather than incur the expense and inconvenience of travelling to the District of Columbia, is content to seek the limited relief that a district court can afford him under the present law, it is our opinion that we should not deny him that relief simply because we cannot give him immunity from further prosecution in some other district to which he may never go or through which he may never pass.

Such conclusion, we believe, would be in harmony with, and a more rational construction of, the ruling in Williams v. Fanning, supra, and Hynes v. Grimes Packing Co., 337 U.S. 86, 96, 69 S.Ct. 968, 93 L.Ed. 1231.

We hold for defendant on the question of jurisdiction as stated in the forepart of this opinion.