Severo Ruiz CHAVEZ, also known as
Cayetano Mendez, Appellant,

v.

James McGRANERY, as Attorney General of the United States, and H. R. Landon, as District Director of Immigration at Los Angeles, Appellees.

No. 13677.

United States Court of Appeals,
Ninth Circuit.

March 29, 1955.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert K. Grean, Clyde C. Downing, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

According to the petition [1] which was filed on July 2, 1952, in the District Court, the facts are: Chavez is a native and citizen by birth of Mexico. He entered this country last near El Paso, Texas, November 18, 1938, and has continuously resided here ever since. He had no document entitling him to come into this country at time of entry. He was arrested in 1947. A hearing was held by Immigration and Naturalization Service, Department of Justice, during the course of which Chavez made application for the privilege of suspension of deportation under the discretion granted to the Attorney General by 8 U.S.C.A. § 155(c).[2] A hearing was granted wherein it was found that petitioner is a deportable alien who was eligible for voluntary

---

1. Entitled "Petition for Judicial Review or Habeas Corpus."

2. Now Immigration and Nationality Act, §§ 244(a) (1, 2), 281, 8 U.S.C.A. §§ 1254(a) (1, 2), 1351.

departure. Landon, the only defendant here served, was Hearing Officer, and he thereupon recommended that petitioner be allowed to depart voluntarily. Later, the Board of Immigration Appeals entered an order to that effect. Chavez then petitioned for suspension of deportation so that he could remain permanently. "On the 19th day of October, 1951, the said Board of Immigration Appeals," so the petition recites, "entered an order requiring the petitioner to depart from the United States with the proviso that deportation be effected if the alien did not avail himself of such required departure. That said order is now in effect and petitioner's departure must be effected on or before July 2, 1952, otherwise the deportation of petitioner will be effected pursuant to said order."

■ The cause comes before this Court in 1955. Petitioner nowhere denies that he is illegally in this country. It would seem this alien has obtained sufficient delay by unfounded court proceedings. It appears from the record that Chavez was not in custody. Therefore, a writ of habeas corpus was not available as a remedy.

■ No position is taken here as to whether the statutes at the time in force precluded judicial review. Unquestionably the action so far taken by the administrative agency was "by law committed to agency discretion." It is clear petitioner received from the agency upon his own formal request some relief in their discretion. He has no ground to sue because, in a matter committed to discretion, they failed to go further.

■ There are other obstacles to review. H. R. Landon, the sole defendant served, can do nothing and can desist from no action which would give Chavez present relief, even were the Court to direct him to act or to cease or desist. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. No facts are stated which would permit the Court to give relief against Landon alone. James McGranery was never served with proc-

ess and is not a party to the case. He is no longer Attorney General of the United States.

Should the agency or the Attorney General of the United States decide, in the exercise of discretion, forcibly to deport this alien, who, on his own showing, has no right in this country, and seize him, a petition for the writ of habeas corpus, which is now premature, will give basis for any relief to which he may be entitled. The District Court sustained a motion to dismiss on the grounds of lack of jurisdiction of the person of the Attorney General, improper venue, insufficiency of service of process and failure to join an indispensable party. There is no doubt this motion implies no grounds for relief are stated against the sole defendant before the Court, and on this ground the dismissal is sustained.