The **UNITED STEELWORKERS OF AMERICA**, affiliated with the Congress of Industrial Organizations, and Local 1304 of the United Steelworkers of America, affiliated with the Congress of Industrial Organizations, Plaintiffs,

v.

Gerald A. **BROWN** and Louis S. Penfield, Defendants.

Civ. A. 34905.

United States District Court
N. D. of California, S. D.

Aug. 14, 1956.

Markuse & Murray, San Francisco, Cal., for plaintiffs.

Louis S. Penfield, Chief Law Officer 20th Region NLRB, San Francisco, Cal., Marcel Mallet-Prevost, Asst. Gen. Counsel NLRB, Washington, D. C., for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff labor unions bring suit against the Regional Director of the National Labor Relations Board and the Regional Counsel of the Board, claiming that they have been deprived of due process of law. A detailed statement of the intricate facts on which the suit is based will not be necessary in view of this Court's conclusion that the action must be dismissed for lack of indispensable parties.

During 1954 a rival union petitioned the Board for certification as the bargaining representative of certain employees who had formerly been represented by plaintiffs. An election was held among the employees in question, and thereafter plaintiffs filed charges with the Regional Director claiming that the employer had been guilty of unfair labor practices, and plaintiffs also requested the Regional Director to consider those charges to be objections to the election. The Regional Director decided that there was not sufficient evidence of unfair labor practices to justify his issuing a complaint. Plaintiffs appealed this decision to the General Counsel of the Board, who sustained the decision of the Regional Director.

The Regional Director also rejected plaintiffs' objections to the election and challenges to certain ballots, and plaintiffs appealed this action of the Regional Director to the National Board. The Board sustained the actions of the Regional Director (with one exception which is not material here). The Board also denied plaintiffs' request for reconsideration of its decision.

Plaintiffs now seek to have this Court order the Regional Director and Regional Counsel to further investigate plaintiffs' objections to the election and to further

**160**

investigate plaintiffs' charges of unfair labor practices. Defendants move to dismiss on various grounds, including the ground that the National Labor Relations Board and its General Counsel are indispensable parties to this suit.

■ The test to be applied in determining whether an absent superior is an indispensable party, is set forth in the leading case of Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95:

> " * * * the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

■ Here the Court is asked to compel the Regional Director to exercise the power to hold a hearing in a representation matter, and to investigate unfair labor practices charges in connection with the exercise of his authority either to issue or not to issue a complaint. That these powers are lodged in the absent superiors and only delegated to the Regional Director is shown in the Description of Organization of the Board, 13 Fed.Reg. 3090, 3091–3092:

> "*Regional Directors: their delegations of authority.* Under the general supervision and direction of the General Counsel the Regional Directors have the following authority:
> " * * *
> "(c) To decline to issue a complaint or a Notice of Hearing, subject to the right of the aggrieved party, in the case of a complaint, to appeal to the General Counsel, and in the case of a Notice of Hearing, in a representation case, to appeal to the Board."

The very fact that the decisions of the Regional Director are subject to review by his absent superiors is an important factor, and in the late case of Shaughnessy v. Pedreiro, 349 U.S. 48, at page 53, 75 S.Ct. 591, at page 595, 99 L.Ed. 868, the Court stressed the finality of the decisions of the District Director of Immigration in deciding that his absent superior was not an indispensable party; the Court said:

> "The regulations purport to make these decisions of the District Director final. It seems highly appropriate, therefore, that the District Director charged with enforcement of a deportation order should represent the Government's interest."

Here, on the other hand, the decisions of the Regional Director are subject to review, and were in fact reviewed by his superiors.

Another method of applying the test in Williams v. Fanning, supra, is to ask whether the decree sought would require affirmative acts by the absent superior, acting alone or through his subordinate. See Hynes v. Grimes Packing Co., 337 U.S. 86, 97, 69 S.Ct. 968, 976, 93 L.Ed. 1231:

> "Nothing is required of the Secretary; he does not have to perform any act, either directly or indirectly. Respondents merely seek an injunction restraining petitioner from interfering with their fishing. No affirmative action is required of petitioner, and if he and his subordinates cease their interference, respondents have been accorded all the relief which they seek."

But in the case at bar the facts are more like those in New York Technical Institute v. Limburg, D.C.Md., 87 F.Supp. 308, 312, where the court said:

> "In my opinion the Administrator is an indispensable party to this suit. His was the final administrative decision in the matter. Before that could properly be reversed he is entitled to be heard. The court is asked to require the defendants who are officials of lower rank than the Administrator, to make a ruling contrary to their superior's determination * * *.
> "As already pointed out, the relief here sought is not in substance an injunction against an unauthorized

and harmful act but an affirmative mandate to do something which would confer a benefit."

In the case at bar plaintiffs seek a mandatory injunction in an effort to compel the Regional Director to perform affirmative acts, and the performance of those acts would require the exercise of powers delegated to the Regional Director by his absent superiors. Two other decisions announce the same result in suits against regional directors of the National Labor Relations Board. See American Communications Ass'n v. Schauffler, D.C.E.D.Pa., 80 F.Supp. 400, followed in White v: Douds, D.C.S.D. N.Y., 80 F.Supp. 402.

Since it is the opinion and conclusion of this Court that indispensable parties to this action are not before the Court, It Is Ordered that plaintiffs' action be, and the same is hereby dismissed.