**LOCAL 1545, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, Plaintiff,**

v.

**Merle D. VINCENT, Jr., Regional Director for the Third Region of the National Labor Relations Board, Defendant,**

and

**United Furniture Workers of America, AFL–CIO, Intervenor-Defendant.**

United States District Court
S. D. New York.
Oct. 6, 1960.

Breed, Abbott & Morgan, New York City, for plaintiff; Charles H. Tuttle, Daniel F. O'Connell, Charles J. Lipton, New York City, George S. Tulloch, Jr., of counsel.

Stuart Rothman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Duane B. Beeson, Herman M. Levy, Attys., N. L. R. B., Washington, D. C., Samuel M. Kaynard, Regional Atty., Second Region, N. L. R. B., New York City, for defendant.

Martin Raphael, New York City, Gen. Counsel United Furniture Workers of America, AFL-CIO, for intervenor-defendant.

DIMOCK, District Judge.

This action was brought by Local 1545, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, against Merle D. Vincent, Jr., Regional Director for the Third Region for the National Labor Relations Board, to enjoin the the holding of a representation election among the employees of the Pilgrim Furniture Company, Inc. at Kingston, New York. The election was directed by the National Labor Relations Board on the petition of United Furniture Workers of America, AFL-CIO, which has intervened as a defendant. There is before the court a motion by plaintiff for a temporary injunction and a motion by defendants to dismiss the complaint. The latter motion is based on three grounds:

1. The court is without jurisdiction of the subject matter of the action.

2. The complaint fails to state a claim warranting judicial relief.

3. The court lacks jurisdiction over the members of the board who are indispensable parties to the action.

The point that the court lacks jurisdiction over the members of the board and that they are indispensable parties to the action may be quickly disposed of. It is alleged without contradiction that defendant regional director is charged with the responsibility of carrying out the orders of the board pursuant to the act. The order of the N. L. R. B. states that he shall direct and supervise the election. As he is the only one who can direct it, the election will not be held if he is enjoined and thus the

judgment of the court enjoining the holding of the election would expend itself by its restraint upon defendant. In those circumstances, under the rule in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, defendant's superiors are not necessary parties.

The questions whether the court has jurisdiction of the subject matter and whether the complaint fails to state a claim warranting judicial relief are interrelated and will be treated together.

The fundamental complaint of plaintiff union is that there is an outstanding collective bargaining agreement between plaintiff and the employer naming plaintiff as the sole bargaining agent of a certain unit of the employees and that plaintiff's contractual right as such is threatened by the direction that an election be held which may result in a substitution of intervening defendant union as the exclusive bargaining agent of the employees.

Plaintiff goes to great pains to demonstrate the obvious that it is named as exclusive bargaining agent in a contract with the employer all provisions of which, except a "hot-cargo" clause, are valid and enforcible as a matter of contract law. That does not prove plaintiff's case. The action of the board does not deny the validity of the rest of the contract. There are circumstances under which the N. L. R. B. is empowered to abrogate a provision in a valid contract.[1] Plaintiff seems to recognize this and says that the justification which the board assigned for its prospective abrogation of that part of the contract appointing plaintiff exclusive bargaining agent was insufficient.

The board held that the fact that the contract contained a hot-cargo clause should lead the board, as a matter of policy, to direct an election even though the hot-cargo clause was lawful when the contract was made.

The action of the board bases itself upon a declaration that, as a matter of policy, where employees have exacted from their employer a promise not to deal with the products of another employer, the fact that that promise is written into a labor contract naming a bargaining agent renders the contract impotent as a bar against a representation election even though the promise has, by act of Congress, been made unenforcible.

■ The sole question here is whether the adoption of that policy was so groundless that plaintiff union is entitled to relief against its implementation. The National Labor Relations Board had the right to assume that the terms of a labor contract are usually negotiated by the bargaining agent named therein. Congress has found the exaction from the employer of a hot-cargo clause in such negotiations to be an unfair labor practice and has declared such clauses unenforcible and void even though contained in pre-existing contracts.[2] While the finding that they constitute unfair labor practices covers only such exactions as shall be imposed in the future, Congressional disapproval of such exactions is plain. Since such exactions were thus disapproved, unions which had been guilty of them were less well qualified to act as exclusive bargaining agents. Thus, where a contract showed on its face that the bargaining agent named therein had exacted a hot-cargo clause from the em-

---

1. See Leedom v. International Brotherhood of Elec. Workers, 107 U.S.App.D.C. 357, 278 F.2d 237.

2. Section 8(e) of the Labor-Management Reporting and Disclosure Act of 1959, P.L. 86–257, Sept. 14, 1959, 73 Stat. 519, 29 U.S.C. § 158(e) which reads, so far as pertinent: "It shall be an unfair labor practice for any labor organization and any employer to enter into any con-

tract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employer, or to cease doing business with any other person, and any contract or agreement entered into heretofore or hereafter containing such an agreement shall be to such extent unenforcible and void:"

ployer, there was a reasonably arguable basis for the board's refusal, as a matter of policy, to treat the contract as a bar to a new election for a bargaining agent.

Hence, even if there were before me an application for direct review of the action of the board, I would have no basis for setting it aside. In this suit, however, which seeks an injunction against the proposed board action, I could grant plaintiff relief only if the board's proposed action would constitute a violation of an express statutory command, Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 3 L.Ed.2d 210, or raised a substantial constitutional question, Fay v. Douds, 2 Cir., 172 F.2d 720, 723. Neither of those conditions appears here so the complaint will be dismissed.

The motion for a temporary injunction will be dismissed as moot.

Settle order on notice.