**FUND-DEL, INC., Plaintiff,**

v.

**Edward J. QUIGLEY, as Postmaster of the United States Post Office, Brooklyn, New York, Defendant.**

**Civ. 61-C-26.**

United States District Court
E. D. New York.

June 27, 1961.

I. Louis Winokur, Jamaica, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for defendant.

MISHLER, District Judge.

Motion by the plaintiff for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The complaint states a claim against the Postmaster of the United States Post Office at Brooklyn. It prays for declaratory judgment and for an injunction enjoining the Postmaster " * * * from refusing to accept such business reply mail for transmission through the mails * * * " The business reply mail referred to is attached to a matchbook cover and so folded under the cover that when detached at the perforation supplied, the card is divided in three parts by two creases. To contain the cover in the slot provided, the parts of the card are firmly pressed down, so that when the card is removed the folds give the card an "accordion" shape.

The method of folding the business reply card under the matchbook cover is the subject of a patent owned by the plaintiff. The plaintiff alleges that it has licensed Universal Match Company to manufacture the matchbook covers employing the patents owned by the plaintiff. Plaintiff alleges that it submitted a sample business reply card to the defendant and requested that the plaintiff be advised as to whether or not it would be acceptable in the mail. The Postmaster replied, in part, as follows:

> "The card itself does not lie flat but is in a folded shape, precluding any handling on the face-up table, in the cancelling machines, or the distribution by our employees without first opening up the folds.

> "The piece, as submitted, is not acceptable as a business reply card."

The Universal Match Company has discontinued the manufacture of the matchbooks and covers and refuses to resume the manufacture until the determination by a court of competent jurisdiction that such business reply mail is eligible for transmission through the mail.

The facts alleged in the claim are not in controversy. The defendant has not offered any proof by affidavit, or otherwise, to dispute the facts so alleged, nor has the defendant denied any of the statements of material facts submitted by the plaintiff, pursuant to Rule 9(g) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York.[1]

The defendant has interposed five affirmative defenses. 1. That the com-

plaint does not present a "justiciable controversy". 2. The complaint fails to state a claim upon which relief can be granted. 3. The Court lacks jurisdiction of the subject matter and the relief sought is in the nature of mandamus. 4. The Court lacks jurisdiction for the reason that the plaintiff failed to apply for an appropriate permit under 39 CFR 21.2 (c) (4). 5. That plaintiff is not the real party in interest.

■ It is clear to the Court that the refusal of the defendant to accept the business reply card attached to the cover of the matchbook would render the patent owned by the plaintiff valueless. Where the vested right of the plaintiff is so directly affected, it cannot be said that the controversy is not justiciable; it is not academic, hypothetical or abstract. The controversy is real and substantial and it admits of specific relief of a conclusive character. Aetna Life Insurance Co. of Hartford, Connecticut v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Joint Anti Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (Concurring opinion of Justice Frankfurter).

Since a justiciable controversy exists, the first, second and fifth affirmative defenses are found to be unavailable to the defendant.

■ The fourth affirmative defense will not serve to defeat plaintiff's claim. The regulation has no reference to an administrative remedy as alleged.[2]

---

[1]. Rule 9(g):
"Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.
"The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is con-

tended that there exists a genuine issue to be tried.
"All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

[2]. 39 CFR 21.2(c). (4) A permit to distribute business reply mail is required. An application on POD Form 3614 must be filed at the post office where the mail

■ The third defense alleges that the relief sought is in the nature of a mandamus and, therefore, outside the jurisdiction of the District Court. In most claims against public officials, wherein the complaint seeks declaratory judgment coupled with injunctive relief, the remedy would appear to be in the nature of mandamus. 28 U.S.C. § 2201 conferred jurisdiction on this Court to " * * * declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

In Stanford v. Lunde Arms Corp., 9 Cir., 211 F.2d 464, referring to Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95, the court stated the following at page 465:

"Other jurisdictional objections, not raised below, are urged upon us. The chief of these, and the only one possibly worthy of notice, is that the suit is in the nature of mandamus, hence is beyond the jurisdiction of the district court. Cf. Petrowski v. Nutt, 9 Cir., 161 F.2d 938, and authorities there cited. Williams v. Fanning, supra, would appear to afford a sufficient answer to this argument. The matter involved there was a request directed to the district court for relief in respect of requiring a local postmaster to cash money orders which the Postmaster General had directed him not to cash. The district court refused to grant the relief. The Supreme Court reversed, thus apparently sustaining the jurisdiction of the court of first instance to entertain such a bill in equity. The relief granted in the case before us smacks no more of mandamus than that thought proper to be granted in Williams v. Fanning."

A direction by this Court to the Postmaster to desist from refusing to accept the business reply mail smacks less " * * * of mandamus than thought proper to be granted in Williams v. Fanning."

■ The additional work required by the Post Office employees in opening up the folds as described in the Postmaster's letter of December 30, 1960, does not form a reasonable basis upon which he may refuse to accept the business reply mail. The defendant has failed on this motion to offer any evidence of reasonable basis for refusal of the mail. No Act of Congress, nor regulation promulgated by the Postmaster General pursuant to any Act of Congress, gives any postmaster the right to refuse to receive mail solely on the basis that it might require an extra manipulation to straighten out the folds of a creased business reply card. In American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 109, 23 S.Ct. 33, 39, 47 L.Ed. 90, the Court said:

"The facts, which are here admitted of record, show that the case is not one which by any construction of those facts is covered or provided for by the statutes under which the Postmaster General has assumed to act, and his determination that those admitted facts do authorize his action is a clear mistake of law as applied to the admitted facts, and the courts, therefore, must have power in a proper proceeding to grant relief. Otherwise, the individual is left to the absolutely uncontrolled and arbitrary action of a public [officer] and administrative officer, whose action is unauthorized by any law and is in violation of the rights of the individual. Where the action of such an officer is thus unauthorized he thereby violates the property rights of the person whose letters are withheld."

Motion is granted. Settle order on or before June 30, 1961, on one day's notice.

---

will be returned. There is no charge for the permit. If business reply cards or envelopes are distributed from a central office to be returned to branches or dealers in other cities, one permit obtained from the post office where the central office is located may be used to cover all.