IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31045
_____


CHARLES TONY CEFALU, JR., Behalf of
his minor son rpi Charles Tony Cefalu, III,

Plaintiff-Appellee,


versus

EAST BATON ROUGE PARISH SCHOOL BOARD;
STATE OF LOUISIANA, Through the
Department of Education,

Defendants-Appellants.
_____

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

_____

July 3, 1997

ON PETITION FOR REHEARING

Before POLITZ, Chief Judge, and JOLLY and BARKSDALE, Circuit
Judges.

E. GRADY JOLLY, Circuit Judge:

The petitions for panel rehearing are granted.

On January 3, 1997, the opinion in this case issued, vacating

the judgment of the district court in favor of the plaintiff and

remanding the case for further consideration in the light of our

opinion.  103 F.3d 393 (5th Cir. 1997).  All parties filed

petitions for rehearing.  We then asked the United States

Department of Education, the agency in charge of administering the

Individuals with Disabilities Education Act ("IDEA"), to submit an amicus curiae brief to assist us in interpreting this vague and difficult statute as it applies to the obligation of the school district to provide the plaintiff with an on-site sign language interpreter at a parochial school in which he was voluntarily enrolled by his parents.

The Department of Education took the position that the statute imposed no obligation on the school district to provide the services on-site so long as an appropriate free public education had been made available to the student. The Department noted that only a small percentage of the cost of the special education services was derived from the federal grants under IDEA and that the remainder of the costs were paid through the use of local and state funds. Under the Department's interpretation, the IDEA does not require a school district to expend its non-federal funds for the provision of special education services to students voluntarily enrolled in private schools. Instead, the agency must make a free appropriate public education available to all disabled students and shall provide a proportionate share of federal funds to students voluntarily enrolled in private schools. In short, the Department concluded that the result reached in the dissenting opinion was correct.

Furthermore, after we issued our opinion, Congress recognized the difficulty arising from judicial efforts to interpret the IDEA and enacted <u>clarifying</u> amendments in order to "resolve . . . the

subject of an increasing amount of litigation in the last few years." S. Rep. No. 17, 105th Cong., 1st Sess. 13 (1997). These amendments specifically state that an agency is required only to provide students voluntarily enrolled in private schools with a proportionate share of federal funds under the IDEA and is not required to pay for the cost of the special education services. See IDEA Amendments Act of 1997, Pub. L. No. 105-17, 111 Stat. 37 (June 4, 1997), at § 612(a)(10).[1]

In the light of this background, on rehearing, we withdraw our earlier opinion. As we noted in our opinion, "[t]he single question presented by this appeal is whether, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., a school board is legally obligated to provide a sign language interpreter to a disabled student voluntarily enrolled in private school." Cefalu, 103 F.3d at 394-95. We now bow to the view of Congress, the Department of Education and the dissenting opinion of Judge Barksdale. We therefore hold unambiguously that the defendants were not legally obligated to provide an on-site sign language interpreter to the plaintiff at the private school. The plaintiff was offered an individualized education program ("IEP")

---

[1]The amendments "specify that the total amount of money that must be spent to provide special education and related services to children in the state with disabilities who have been place[d] by their parents in private schools is limited to a proportional amount (that is, the amount consistent with the number and location of private school children with disabilities in the State) of the Federal funds available under part B." S. Rep. No. 17, 105th Cong., 1st Sess. 13 (1997).

at the public schools, which all parties agreed was appropriate until the plaintiff transferred from the public school where the services were to be provided to the private school he now attends. Having offered to the plaintiff a free appropriate public education, the local educational agency was not required to provide the on-site interpreter to the plaintiff. We therefore reverse the district court and render judgment for the defendants.

Further, in view of the recognized vagueness of this statute and the numerous conflicting decisions interpreting its provisions, each party shall bear its own costs.

REVERSED and RENDERED.