K.R., an infant, by her parents and next friends M.R. and K.R.R., and M.R. and K.R.R., Plaintiffs–Appellees,

v.

ANDERSON COMMUNITY SCHOOL CORPORATION, Defendant–Appellant.

No. 95–2497.

United States Court of Appeals, Seventh Circuit.

Remanded June 27, 1997.

Decided Sept. 10, 1997.

**1018**

Milo G. Gray, Jr. (submitted), Gary W. Ricks, Indiana Protection & Advocacy Services, Indianapolis, IN, for Plaintiff–Appellee.

David W. Gotshall, Anderson Community School Corp., Anderson, IN, for Defendant–Appellant.

Lisa F. Tanselle, Indiana School Boards Association, Indianapolis, IN, for Amicus Curiae Indiana School Boards Association.

William Kanter, Frank A. Rosenfeld, Department of Justice, Civil Division, Appellate Section, Washington, DC, for Amicus Curiae U.S.

Craig J. Bobay, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, IN, for Amicus Curiae Indiana Federation of Catholic School Families.

Jeffrey Spitzer–Resnick, Wisconsin Coalition for Advocacy, Madison, WI, for Amicus Curiae Wisconsin Coalition for Advocacy.

Before CUMMINGS, EASTERBROOK and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

In April 1996 we held that the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, and the regulations thereunder did not require a public school to make comparable provisions for a disabled student voluntarily attending private school as for disabled public school students. 81 F.3d 673 (7th Cir.1996). We added that public schools are given discretion under the law and need only provide voluntarily placed private school students a genuine opportunity for equitable participation. Anderson Community School afforded plaintiff K.R. a genuine opportunity for the services of an instructional assistant at a public school, and she declined. We added that the public school's provision of other related services demonstrated that it reasonably exercised its discretion rather than eschewed its responsibility once K.R. chose to attend private school. Therefore the decision of the district court was reversed. *Id.*

Plaintiffs' petition for certiorari was granted on June 27, 1997, and the case was remanded for us to give consideration to the Individuals with Disabilities Education Act Amendments of 1997, PL 105–17, 111 Stat. 37. After the case was returned to this Court, the plaintiffs stated that they did not

believe that the Amendments "either resolved or disposed of the issues originally raised." The defendant school corporation advised that the Amendments "provide strong ammunition that the Court should not change its holding." Similarly, the United States filed a statement of position that the 1997 Amendments do not call into question our prior decision and concluded that the Amendments foreclose any prospect of relief. Therefore all parties agree that the 1997 Amendments do not impugn our prior holding.

■ As the government points out, the Amendments unambiguously show that participating states and localities have no obligation to spend their money to ensure that disabled children who have chosen to enroll in private schools will receive publicly funded special-education services generally "comparable" to those provided to public-school children.

■ In Section 101 of the IDEA Amendments Act, which amended § 612(a)(10) of the IDEA, Congress explained that,

> ... this part does not require a local educational agency to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made a free appropriate public education available to the child and the parents elected to place the child in such private school or facility.

111 Stat. 63. In light of this legislative clarification, we must again reverse the decision of the district court, which had required the defendant school board to pay for the cost of an instructional assistant for use by plaintiff K.R. while attending classes at a private parochial school.* To the same effect, see *Cefalu v. East Baton Rouge Parish School Board*, 117 F.3d 231 (5th Cir.1997).

Although plaintiffs have based their argument partly on regulations of the U.S. Department of Education, they must be deemed superseded by the 1997 Amendments to the extent that any of them are inconsistent. According to the United States, new regulations are being developed based on the 1997 Amendments.

■ Finally, plaintiffs now contend that defendant's system violates the First Amendment. This ignores the fact that Anderson Community School provided K.R. with speech therapy, occupational therapy and physical therapy at a public school site while she attended parochial school. Anderson Community School has neither infringed on K.R.'s right to fully exercise her religious choice, nor has it conveyed any message of governmental enforcement or disapproval of K.R.'s religion.

As shown, the Individuals with Disabilities Education Act Amendments of 1997 reinforce our 1996 opinion. Therefore the decision of the district court is again reversed.

---

* K.R. also asserts that this Court must reach a result regarding K.R.'s situation from August 1993 until June 1994, when the IDEA Amendments Act became law, because this Court's prior decision was vacated when this case was remanded to us from the Supreme Court. However, even if we were to view the IDEA Amendments Act as not clarifying the IDEA on this issue but instead creating a change in the law (a view which we do not here adopt), that change surely is not applicable to the time preceding the passage of the IDEA Amendments Act, as the Act does not specify retroactive application. See Section 201 of the IDEA Amendments Act, 111 Stat. 156.