# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2419

_____

| | | |
|---|---|---|
| Daniel Foley and Margaret Foley, | * | |
| as parents of Clare Keely Foley, | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Special School District of St. Louis | * | |
| County, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: January 15, 1998
Filed: August 14, 1998

_____

Before LOKEN, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is an appeal from the denial of equitable relief compelling the Special School District of St. Louis County (SSD) to provide special education and related services to a child at the private religious school where she was voluntarily placed by her parents, rather than at a public school one mile away. We conclude the child has no individual right to such services under the 1997 amendments to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1419 (IDEA). Accordingly, we affirm.

Clare Foley is an eleven year-old girl who is mildly mentally retarded. Her parents, Daniel and Margaret Foley, placed Clare in St. Peter's Catholic School but requested special education services from SSD. An evaluation team determined that Clare should have one hour of occupational therapy, one-half hour of physical therapy, and one hour of language services per week. The Foleys demanded those services in Clare's classroom at St. Peter's but SSD refused, construing state law as precluding public school educators from providing special education services on the premises of parochial schools. SSD offered the Foleys a dual enrollment alternative under which Clare would travel from St. Peter's to a nearby public school to receive the special education services. The Foleys accepted this arrangement under protest and requested an IDEA due process hearing. See 20 U.S.C. § 1415(g), formerly 20 U.S.C. § 1415(c); Mo. Rev. Stat. § 162.961. Prior to the hearing, SSD and the Foleys stipulated that the Foleys voluntarily placed Clare at St. Peter's after SSD offered Clare a free appropriate public education at Keysor public elementary school. Thus, the issue is whether Clare has a right to special education services at her private school.

The Hearing Panel rejected the Foleys' claim because the Missouri Constitution and Missouri's IDEA State Plan prohibit providing public education services in a sectarian school, and because SSD afforded Clare "equitable participation" in its special education programs and "complied with all applicable policies, regulations, laws, and the Constitution of the State of Missouri." The Foleys sought judicial review in the district court under 20 U.S.C. § 1415(i)(2), formerly 20 U.S.C. § 1415(e)(2). In two orders issued March 29, 1996, and April 7, 1997, the district court[1] granted summary judgment for SSD, concluding that IDEA does not require SSD to provide special education services at a private school. Foley v. Special Sch. Dist. of St. Louis County, 927 F. Supp. 1214 (E.D. Mo. 1996), and 968 F. Supp. 481 (E.D. Mo. 1997).

---

[1]The HONORABLE DAVID D. NOCE, United States Magistrate Judge for the Eastern District of Missouri. See 28 U.S.C. § 636(c).

One month after the Foleys commenced this appeal, Congress enacted the Individuals with Disabilities Education Act Amendments of 1997, Pub. L. No. 105-17, 111 Stat. 37 (1997) (the "1997 Amendments"). Courts previously construed IDEA as granting children with disabilities who voluntarily attend private school a right to special education and related services. This led to litigation, such as this case, over where such services must be provided. See Russman v. Sobol, 85 F.3d 1050, 1054-55 (2d Cir. 1996), vacated and remanded, 117 S. Ct. 2502 (1997), construing prior 20 U.S.C. § 1413(a)(4) and 34 C.F.R. § 300.403; Fowler v. Unified Sch. Dist. No. 259, 107 F.3d 797 (10th Cir.), vacated and remanded, 117 S. Ct. 2503 (1997). The 1997 Amendments addressed this problem in detail by amending 20 U.S.C. § 1412(a) -- the section setting forth conditions States must meet to be eligible for federal education assistance -- to include a new subsection (10), which provides in relevant part:

**(A)  Children enrolled in private school by their parents**

   **(i) In general.**  To the extent consistent with the number and location of children with disabilities in the State who are enrolled by their parents in private elementary and secondary schools, provision is made for the participation of those children in the program assisted or carried out under this subchapter by providing for such children special education and related services in accordance with the following requirements . . . :

      (I)  Amounts expended for the provision of those services by a local educational agency shall be equal to a proportionate amount of Federal funds made available under this subchapter.

      (II)  Such services may be provided to children with disabilities on the premises of private, including parochial, schools, to the extent consistent with law.

\* \* \* \* \*

**(C)  Payment for education of children enrolled in private schools without consent of or referral by the public agency**

-3-

**(i) In general.** Subject to subparagraph (A), this subchapter does not require a local educational agency to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made a free appropriate public education available to the child and the parents elected to place the child in such private school or facility.

As the Foleys seek prospective equitable relief only, the 1997 Amendments govern this appeal. See Landgraf v. USI Film Products, 511 U.S. 244, 273 (1994).

The Foleys argue that new § 1412(a)(10)(A) gives Clare a right to special education services at St. Peter's because that location is more beneficial educationally and no more costly than providing the services at a public school. Relying on § 1412(a)(10)(C)(i), SSD argues that the Foleys' claim must be rejected because SSD is not "require[d] . . . to pay for the cost of . . . special education . . . at [Clare's] private school." The Fifth and Seventh Circuits agree with SSD's interpretation of the 1997 Amendments. See K.R. v. Anderson Community Sch. Corp., 125 F.3d 1017, 1019 (7th Cir. 1997), cert. denied, 118 S. Ct. 1360 (1998); Cefalu v. East Baton Rouge Parish Sch. Bd., 117 F.3d 231, 233 (5th Cir. 1997).

The 1997 Amendments expressly provide that public school agencies are not required to pay the costs of special education services for a particular child; States are required only to spend proportionate amounts on special education services for this class of students as a whole. 20 U.S.C. §§ 1412(a)(10)(A)(i)(I), 1412(a)(10)(C)(i). Thus, whatever their rights under prior law, Clare and her parents now have no individual right under IDEA to the special education and related services in question, so they have no right to a federal court decree mandating that those services be

provided at a particular location.  This change in prior law compels us to conclude that the Foleys have no statutory right to the relief they seek.[2]

Alternatively, even if we construed the 1997 Amendments as granting private school children a right to some level of special education services, we cannot read § 1412(a)(10)(A)(i)(II) -- which provides that such services "*may* be provided" on the premises of private schools "to the extent consistent with law" -- as *mandating* that such services be provided on private school premises when that is *in*consistent with

---

[2]This construction of the 1997 Amendments is consistent with the Department of Education's proposed regulations interpreting those amendments:

> 20 C.F.R. § 300.450 **Definition of "private school children with disabilities."**  As used in this part, *private school children with disabilities* means children with disabilities enrolled by their parents in private schools or facilities other than children [who have been placed in private school by a public agency as a means of providing special education services, and children who have not been provided a free appropriate public education].

> 20 C.F.R. § 300.454(a) *No individual right to special education and related services.*  No private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school.

> 20 C.F.R. § 300.457(a)  *Due process inapplicable.*  The procedures in §§ 300.504-300.515 do not apply to complaints that [a local education agency] has failed to meet the requirements of §§ 300.452-300.462, including the provision of services indicated on the child's IEP.

62 Fed. Reg. 55026, 55094-95 (1997); see also proposed 20 C.F.R. § 300.403, 62 Fed. Reg. at 55093-94.  Although the Tenth Circuit declined to follow the proposed regulations for reasons it did not explain in Fowler v. Unified Sch. Dist. No. 259, 128 F.3d 1431, 1438 n.6 (10th Cir. 1997), that case is distinguishable because the child in Fowler was entitled to relief under state law.

Missouri law. Missouri's refusal to allow public school educators on private school premises may not be mandated by the First Amendment, see Agostini v. Felton, 117 S. Ct. 1997 (1997), and it may even be unfortunate education policy. But we find nothing in the 1997 Amendments authorizing federal courts to override such a state policy. Rather, the 1997 Amendments provide a less intrusive remedy by authorizing the Secretary of Education to invoke the "by-pass" provisions of § 1412(f) whenever state law frustrates the provision of services under § 1412(a)(10)(A). Cf. Pulido v. Cavazos, 934 F.2d 912, 915 (8th Cir. 1991).

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.